UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| PRACTICAL HEALTHCARE SUPPLY, INC. | CIVIL ACTION NO. 6:15-cv-00235 |
| VERSUS | JUDGE DOHERTY |
| ASSUREDPARTNERS GULF COAST INSURANCE AGENCY, LLC d/b/a LANDRY HARRIS & CO., FRANKIE S. HARRIS, III, and LIBERTY MUTUAL INSURANCE CO. | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

In a separate memorandum ruling, the undersigned concluded that the defendant in this lawsuit has no possibility of recovering against defendant Frankie S. Harris, III, an in-state defendant who was improperly joined in the suit, and the undersigned denied the plaintiff's motion to remand. The undersigned finds that it is equally appropriate that the plaintiff's claim against Mr. Harris be dismissed. The Fifth Circuit has stated that "summary judgment will always be appropriate in favor of a defendant against whom there is no possibility of recovery,"[1] and courts within the Fifth Circuit have summarily dismissed improperly joined defendants on

---

[1] *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 102 (5th Cir. 1990).

numerous occasions.[2] The undersigned therefore RECOMMENDS that the plaintiff's claim against Mr. Harris be dismissed.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

---

[2] See, e.g., *Rojas v. Wells Fargo Bank, N.A.*, 571 Fed. App'x 274, 278 (5th Cir. 2014) ("Because the district court properly found that HLC, Alexander, and BDFTE were improperly joined, it did not err in dismissing them. . . ."); *Michels v. Safeco Ins. Co. of Indiana*, 544 F. App'x 535, 540 (5th Cir. 2013) ("the district court correctly dismissed Womack as improperly joined. . . ."); *Butler v. Louisiana State Univ. Health Sciences Ctr.*, No. 12–cv–1838, 2012 WL 7784402 (W.D.La. Nov. 19, 2012) ("A finding of improper joinder is tantamount to dismissal of the defendant who was improperly joined."), *report and recommendation adopted sub. nom.*, 2013 WL 1180873 (W.D.La. Mar. 20, 2013); *Moss v. Unum Grp. Corp.*, No. 10–cv–0002, 2010 WL 3190399, at *3 (W.D.La. July 14, 2010) (recommending "that the court grant summary judgment sua sponte and dismiss all claims" against the improperly joined parties), *report and recommendation adopted sub. nom*. 2010 WL 3199728, at *4 (W.D.La. Aug. 11, 2010).

of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on June 18, 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

COPY SENT:

DATE:   6/18/2015
BY:          EFA
TO:          RFD
          cg