UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| PRACTICAL HEALTHCARE SUPPLY, INC. | CIVIL ACTION NO. 6:15-cv-00235 |
| VERSUS | JUDGE DOHERTY |
| ASSUREDPARTNERS GULF COAST INSURANCE AGENCY, LLC d/b/a LANDRY HARRIS & CO., FRANKIE S. HARRIS, III, and LIBERTY MUTUAL INSURANCE CO. | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Currently pending is the motion to dismiss (Rec. Doc. 32), which was filed by defendant AssuredPartners Gulf Coast Insurance Agency, LLC d/b/a Landry Harris & Co., seeking to have the plaintiff's claim against it dismissed. The motion was referred to this Court for report and recommendation. (Rec. Doc. 40). The motion is unopposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion be granted.

### FACTUAL AND PROCEDURAL BACKGROUND

In September 2014, Ninh K. Nguyen sued Practical Healthcare Supply, Inc. and Lafayette Surgery Hospital, LLC. He alleged that Practical Supply was liable under Louisiana's products liability law because it supplied allegedly defective pedicle

screws that were inserted into Mr. Nguyen's spine during surgery then failed, necessitating additional surgery. Practical Supply sought coverage from defendant Liberty Mutual Insurance Company, but Liberty Mutual denied coverage on the basis that the relevant insurance policy provides no coverage to Practical Supply.

The policy under which coverage was sought is a business owner's policy, Policy No. BOP 8560502. The policy was originally issued in 2008 by a Liberty Mutual affiliated company, Peerless Indemnity Insurance Company, to Lafayette Bone & Joint Clinic and renewed on an annual basis.

Believing that Liberty Mutual's coverage evaluation was incorrect, Practical Supply filed suit in Louisiana state court, asserting claims against Liberty Mutual and Peerless; Frankie S. Harris, III, the insurance agent who allegedly placed coverage for Practical Supply; and Harris's agency, AssuredPartners Gulf Coast Insurance Agency d/b/a Landry Harris & Co. Practical Supply alleged that "when it first sought to obtain property and liability insurance, and at all pertinent times thereafter, Practical made it clear to Harris that it should be listed as a named insured under the Policy and afforded full property and liability coverage." (Rec. Doc. 1-1 at 12).

Liberty Mutual and Peerless removed the suit to this forum, contending that this Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the nondiverse defendants – Harris and

AssuredPartners – were improperly joined. The basis for alleged improper joinder was the contention that Practical Supply's claims against Harris and AssuredPartners were not timely. Practical Supply responded by filing a motion to remand.

This Court denied the motion to remand (Rec. Doc. 30), finding that the parties were not completely diverse in citizenship because the plaintiff and Mr. Harris are both Louisiana citizens, but also finding that Mr. Harris's citizenship should be disregarded because he was improperly joined. In finding that Mr. Harris was improperly joined, this Court concluded that the plaintiff was unable to recover against Mr. Harris because the plaintiff's claim against him was time barred under La. R.S. 9:5606, the Louisiana statute pertaining to the timeliness of claims against insurance agents and brokers. Because the plaintiff had no possibility of recovery against Mr. Harris, the plaintiff's claim against Mr. Harris was dismissed. (Rec. Doc. 34).

In connection with the motion to remand, AssuredPartners also argued that the plaintiff had no possibility of recovering against it because the claim against it was derivative of the claim against Mr. Harris and it had also perempted. (Rec. Doc. 26 at 1). But, as explained in the remand ruling (Rec. Doc. 30 at 3 n. 1), that issue was not properly before the court on the motion to remand. Although the removing defendants contended that both AssuredPartners and Mr. Harris were improperly

joined, AssuredPartners is diverse in citizenship from the plaintiff while Mr. Harris is not. The improper joinder doctrine is a narrow exception to the rule of complete diversity, and it permits a court to ignore the citizenship of a nondiverse party when evaluating whether the parties are diverse in citizenship. Therefore, the improper joinder doctrine is not applicable to a diverse defendant. Since AssuredPartners is diverse from the plaintiff, the improper joinder analysis does not apply to it. Only Mr. Harris's citizenship had the potential to destroy diversity; therefore, he was the only defendant that might have been improperly joined. Accordingly, resolution of the remand motion did not resolve the issue of whether the plaintiff asserted a viable claim against AssuredPartners. AssuredPartners presented that issue in its motion to dismiss.

## ANALYSIS

### I. THE STANDARD FOR ANALYZING A RULE 12(B)(6) MOTION TO DISMISS

A motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.[1] When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must

---

[1] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

limit itself to the contents of the pleadings, including any attachments thereto.[2] The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.[3] However, conclusory allegations and unwarranted deductions of fact are not accepted as true,[4] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[5]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[6] The allegations must be sufficient "to raise a right to relief above the speculative level,"[7] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[8] "While a complaint . . . does not need *detailed*

---

[2] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[3] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted), quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[4] *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982), citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[6] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[7] *Bell Atlantic v. Twombly,* 127 U.S. at 555.

[8] *Bell Atlantic v. Twombly,* 127 U.S. at 555, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004).

factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[9] If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[10]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[13]

---

[9] *Bell Atlantic v. Twombly*, 127 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[11] *Ashcroft v. Iqbal*, 556 U.S. at 678.

[12] *Ashcroft v. Iqbal*, 556 U.S. at 679.

[13] *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009), quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556. *See also In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

## II. THE PLAINTIFF'S CLAIM AGAINST ASSUREDPARTNERS IS TIME BARRED

AssuredPartners argues that the plaintiff made no allegations with regard to AssuredPartners that are separate from and independent of its allegations concerning Mr. Harris. AssuredPartners thus argues that the plaintiff's claim against it is a vicarious liability claim solely based upon and derivative of Mr. Harris's alleged negligence based on the fact that Mr. Harris worked for AssuredPartners at all relevant times. Therefore, AssuredPartners argues that, since the plaintiff's claim against Mr. Harris was dismissed as time barred, the *respondeat superior* claim against it is also time barred and should be dismissed. "A Rule 12(b)(6) motion to dismiss for failure to state a claim is an appropriate method for raising a statute of limitations defense."[14]

A careful review of the plaintiff's complaints reveals that there is no allegation concerning AssuredPartners that is separate and distinct from its allegations concerning Mr. Harris. The plaintiff consistently alleges that both Mr. Harris and AssuredPartners were negligent and that this negligence led to the plaintiff's claimed damages. Thus, the only claim asserted against AssuredPartners is for its vicarious

---

[14] *Mann v. Adams Realty Co., Inc.*, 556 F.2d 288, 293 (5th Cir. 1977). See, also, *Bowers v. Nicholson*, 271 F. App'x 446, 449 (5th Cir. 2008).

liability as Mr. Harris's employer, which is also know an *respondeat superior* liability.

The court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional threshold. In such a case, the court must apply substantive Louisiana law.[15]

> Louisiana law allows a plaintiff to bring suit against an employer when the employee is completely dismissed, even when the employer's sole basis for liability is vicarious liability. The important caveat is that the suit must not be prescribed.[16]

The same factual and legal considerations that led to the conclusion that the plaintiff's claim against Mr. Harris is time barred mandate the conclusion that the plaintiff's claim against AssuredPartners is also time barred, and this Court notes that the standard used to evaluate a motion to remand is similar to that used to evaluate a Rule 12(b)(6) motion to dismiss.[17] Therefore, the analysis set forth in this Court's prior memorandum ruling with regard to the peremption of the plaintiff's claim against Mr. Harris (Rec. Doc. 30) is equally applicable to the plaintiff's claim against

---

[15] *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009), citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

[16] *Bordelon v. Foster*, No. 06-1361, 2008 WL 482613, at *5 (W.D. La. Feb. 19, 2008).

[17] *Boone v. Citigroup, Inc.*, 416 5.3d 382, 388 (5th Cir. 2005).

Assured Partners. Rather than repeating that analysis here, this Court adopts the analysis set forth in its prior memorandum ruling as though copied in full herein, substituting references to AssuredPartners for references to Mr. Harris as appropriate, and concludes that the plaintiff's claim against AssuredPartners perempted before this lawsuit was filed. Accordingly, the plaintiff has not stated a claim upon which relief can be granted by the court, and this Court recommends that AssuredPartners's motion should be granted and the plaintiff's claim against it should be dismissed.

## CONCLUSION

The plaintiff's claim against defendant AssuredPartners is a vicarious liability claim grounded upon the relationship between AssuredPartners and its employee, Mr. Harris. The plaintiff's negligence claim against Mr. Harris and the plaintiff's *respondeat superior* claim against AssuredPartners are both perempted under La. R.S. 9:5606. Accordingly, it is recommended that the pending motion to dismiss (Rec. Doc. 32) should be granted and the plaintiff's claim against AssuredPartners should be dismissed.

Signed at Lafayette, Louisiana on November 19, 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

COPY SENT:

DATE: 11/19/2015
BY: EFA
TO: RFD

cg